UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMMY WARE,

      Plaintiff,

v.

COUNTY OF BAY and JULIANN
REYNOLDS, in her Official and
Individual capacities,

      Defendant.

Case No. 24-
Hon.

_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, TAMMY WARE, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, COUNTY OF BAY and JULIANN REYNOLDS, in her Official and Individual capacities, stating as follows:

## COMMON ALLEGATIONS

1.     That Plaintiff is a resident of the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

2.     That Defendant County of Bay is a local governmental unit operating within the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

3.     That upon information and belief, Defendant Juliann Reynolds, is a resident of the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

4.     That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

5.     That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     That Plaintiff is an African-American female.

7.     That Defendant County of Bay operates the Bay County Juvenile Home, which is licensed as a child caring institution by the State of Michigan and is a secure facility for youth between ages of ten to seventeen who are placed there by court order.

8.     That Defendant Reynolds is employed by Defendant County of Bay as the Director of the Bay County Juvenile Home.

9.     That on or about August 25, 1998, Plaintiff began her employment with Defendant County of Bay, working as a laboratory aide.

10.     That on or about February 8, 1999, Plaintiff transferred into a part-time youth development worker with the Bay County Juvenile Home.

11.     That Plaintiff was the most senior part-time youth development worker and had applied for several full-time positions.

12.     That specifically, in December 2009, Plaintiff applied for a full-time youth development worker position.

13.     That thereafter, Defendants began treating Plaintiff differently than similarly situated employees outside her protected class, disciplining Plaintiff for petty issues but not likewise disciplining those outside her protected class that engaged in similar conduct.

14.     That Plaintiff filed a grievance over said discipline, specifically alleging Defendants were creating a hostile work environment and were discriminating against Plaintiff.

15.     That Defendants failed to investigate Plaintiff's claims of discrimination.

16.     That in June 2010, Defendant informed Plaintiff it did not select her for

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

the full-time position and hired a Caucasian woman that was less qualified than Plaintiff.

17.     That Plaintiff subsequently filed a charge of race discrimination with the United States Equal Employment Opportunity Commission, bearing Charge Number 471-2011-00855.

18.     That on or about May 24, 2011, the Equal Employment Opportunity Commission issued a determination that the evidence supported a violation of Title VII of the Civil Rights Act 1964.

19.     That on or about January 6, 2012, Plaintiff filed a cause of action against Defendant County of Bay in the U.S. District Court for the Eastern District of Michigan, bearing docket number 1:12-cv-10063-TLL-CEB, alleging race discrimination in violation of the Fourteenth Amendment through 42 U.S.C. § 1983, Title VII of the Civil Rights Act, and the Michigan Elliott-Larsen Civil Rights Act.

20.     That on or about December 3, 2012, Plaintiff and Defendant County of Bay entered into an agreement resolving her claims of race discrimination.

21.     That through said settlement and effective December 11, 2012, Defendant County of Bay assigned Plaintiff to a full-time youth development worker position.

22.     That on or about December 19, 2012, the District Court dismissed Plaintiff's cause of action based on a stipulated order.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

23.     That thereafter, Plaintiff has continued in the role of youth development worker and, at all times material hereto, performed her job duties in a satisfactory and/or an above-satisfactory manner.

24.     That on or about March 9, 2022, Defendant County of Bay posted a vacant supervisor position.

25.     That Defendant repeatedly advertised and posted the vacancy; however, did not receive qualified candidates.

26.     That in November 2022, Plaintiff applied for the position of supervisor.

27.     That Defendant Reynolds, however, refused to consider Plaintiff for the position, claiming that Plaintiff was not qualified for the position as she lacked a bachelor's degree.

28.     That Rule 400.4120 of the Michigan Administrative Code provides the qualification requirements for a supervisor of direct care workers as permitting one of the following: (A) a bachelor's degree and two years of work experience in a child caring institution; (B) two years of college and three years of work experience in a child caring institution; or (C) a high school diploma and four years of work experience in a child caring institution.

29.     That Plaintiff possesses an associate's degree and other certifications.

30.     That nevertheless, the job posting created by Defendants required an applicant to possess either (A) a master's degree and at least one year of experience

in a child caring institution or similar setting; or (B) a bachelor's degree and at least two years of such experience.

31.     That Defendant Reynolds refused to consider Plaintiff's application because of Plaintiff's race and in retaliation for Plaintiff's past complaints of race discrimination and her prior lawsuit.

32.     That in June 2023, Defendants still could not fill the position and Plaintiff applied for a second time.

33.     That Defendants persisted in refusing to consider Plaintiff for the position, even though Defendants could not attract qualified candidates.

34.     That on or about February 13, 2024, Defendant posted another vacant supervisor position.

35.     That the job remained open for only six (6) days, whereas past supervisor vacancies were posted for at least two (2) weeks, including a similar posting made January 4, 2024.

36.     That the brief period the position was posted demonstrates the fact that Defendants had pre-selected an unqualified individual who was outside Plaintiff's protected class.

37.     That Defendant Reynolds also changed the qualifications for the February 13, 2024 posting, adding a line that Defendant County of Bay could "consider equivalent experience provided it meets within the current licensing

rules."

38.     That as a significant irregularity in the hiring process, on or about April

2, 2024, Defendant Reynolds wrote Tiffany Jerry, Personnel & Employee Relations,

submitting a request to the Board of Commissioners to hire an internal candidate that

did not meet the minimum qualifications for the position as posted, but did meet the

minimum requirements set forth in Rule 400.4120.

39.     That more specifically, Defendant Reynolds wrote:

The Department of Child Care Services (Juvenile Home) has repeatedly
advertised and posted a vacant Supervisor position since 3/9/2022.
However the postings have garnered no qualified candidates and the
position remains vacant.   There is an internal candidate with over 15
years experience working in the facility and has proven leadership skills
in   crisis   situations.     The   candidate   does   meet   the   minimum
requirements of the Child Caring Institutions Rules for Supervisors of
direct care workers.

40.     That on or about the same day, April 2, 2024, Ms. Jerry wrote the Board

of Commissioners reiterating Defendant Reynolds request.

41.     That the internal candidate referenced by Defendant Reynolds' and Ms.

Jerry's memoranda is Arthur Amador, who is not African-American.

42.     That while Defendant Reynolds considered Mr. Amador's candidacy

and requested an exception be made for him as he lacked the minimum requirements,

Defendant Reynolds refused to consider Plaintiff's candidacy and did not request an

exception made for Plaintiff.

43.     That Plaintiff was more qualified for the position as she had close to

twenty-five (25) years' worth of experience and had more education; Plaintiff possessed a college degree whereas Mr. Amador did not.

44.     That on or about April 16, 2024, the Board of Commissioners approved the hiring of Mr. Amador for the supervisor position, despite the fact that Mr. Amador did not meet the minimum qualifications for the position.

45.     That Defendants have failed to give Plaintiff a legitimate, non-discriminatory or non-retaliatory for the failure to recruit or hire Plaintiff for the supervisor position.

46.     That Defendants cannot offer a legitimate, non-discriminatory or non-retaliatory reason for failing to treat Plaintiff in the same manner as an individual outside her protected class, Mr. Amador.

47.     That any reasons proffered by Defendants after-the-fact are pretextual in nature.

48.     That any reasons proffered by Defendants after-the-fact are either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

49.     That Defendants' actions constitute race discrimination in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

50.     That Defendants' actions constitute retaliation in violation of the First Amendment, 42 U.S.C. § 1983.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

51.     That Defendants' actions constitute race discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act.

52.     That Defendants' actions constitute retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act.

53.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, overtime pay, paid time off, health, dental, vision, and/or life insurance benefits, disability benefits, pension and/or retirement benefits and any and all compensation and fringe benefits lost by Plaintiff along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

54.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

55.     That Plaintiff hereby claims costs, reasonable attorney fees, and expert fees pursuant to 42 U.S.C. § 1988.

56.     That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – RACE DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983

57. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 56 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

58. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

59. That the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

60. That the Equal Protection Clause and the concept of substantive due process protect against intentional discrimination based on race. *See Gutzwiller v. Fenik*, 860 F.2d 1317 (6th Cir. 1988).

61. That claims race discrimination claims brought pursuant to Section 1983 "must prove the same elements required to establish a disparate treatment claim

un der Title VII of the Civil Rights Act of 1964." *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000).

62.     That at all times material hereto, Defendants acted under the color of State law.

63.     That Defendants subjected Plaintiff to racially discriminatory treatment.

64.     That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of her race, African-American.

65.     That at all times material hereto, Plaintiff was and is qualified for the position of supervisor.

66.     That Plaintiff suffered an adverse employment action through Defendant's failure to hire or recruit Plaintiff for the position of supervisor.

67.     That Plaintiff suffered said adverse employment action under circumstances that give rise to an inference of race discrimination.

68.     That Defendants intentionally discriminated against Plaintiff by denying Plaintiff a supervisor position allegedly on the basis that Plaintiff did not possess a bachelor's degree; Defendants, however, turned around and changed the job description, removed the requirement of holding a bachelor's degree, and requested permission from the Board of Commissioners to hire an individual outside of Plaintiff's protected class that did not meet the minimum requirements for the

position.

69. That Defendants treated Plaintiff disparately than an applicant outside her protected class.

70. That Plaintiff was more qualified than the successful, unqualified candidate that was outside of Plaintiff's protected class.

71. That Defendants have failed to give Plaintiff a legitimate, non-discriminatory or non-retaliatory for the failure to recruit or hire Plaintiff for the supervisor position.

72. That Defendants cannot offer a legitimate, non-discriminatory or non-retaliatory reason for failing to treat Plaintiff in the same manner as an individual outside her protected class, Mr. Amador.

73. That any reasons proffered by Defendants after-the-fact are pretextual in nature.

74. That any reasons proffered by Defendants after-the-fact are either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

75. That at all times material hereto, Defendant Reynolds acted pursuant to a policy or custom of Defendant County of Bay.

76. That Defendant Reynolds was the final decision-maker as it related to the hiring decision and/or caused the Board of Commissioners to act as her "cat's

paw" such that her racial animus should be imputed to said Board.

77.     That Defendant Reynolds is not entitled to qualified immunity.

78.     That Plaintiff's right to be free from race discrimination was and is clearly established.

79.     That Defendants' actions constitute race discrimination in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

80.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, overtime pay, paid time off, health, dental, vision, and/or life insurance benefits, disability benefits, pension and/or retirement benefits and any and all compensation and fringe benefits lost by Plaintiff along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

81.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

82.     That Plaintiff hereby claims costs, reasonable attorney fees, and expert fees pursuant to 42 U.S.C. § 1988.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT, 42 U.S.C. § 1983

83.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 56 of her Common Allegations and paragraphs 57 through 82 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

84.     That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

85.     That the First Amendment to the U.S. Constitution provides a right to freedom of speech and expression.  U.S. CONST. amend. I; *Keyishian v. Board of Regents*, 385 U.S. 589, 605-606; 87 S. Ct. 675 (1967).

86.     That at all times material hereto, Defendants acted under the color of State law.

87.     That Plaintiff engaged in constitutionally protected speech or conduct.

88.     That Plaintiff engaged in constitutionally protected speech or conduct by reporting and complaining about race discrimination internally to Bay County

and externally to the U.S. Equal Employment Opportunity Commission, and by filing suit alleging race discrimination in the U.S. District Court for the Eastern District of Michigan.

89.   That Plaintiff's speech or conduct addressed a matter of public concern.

90.   That Plaintiff's interest in said speech outweighs any interest Defendants may have had in regulating Plaintiff's speech, if any.

91.   That Defendants knew of Plaintiff's protected activity.

92.   That Defendants took materially adverse employment action against Plaintiff, including, but not limited to, failing to recruit or hire Plaintiff for the supervisor position.

93.   That a causal connection exists between Plaintiff's protected speech or conduct and the adverse action.

94.   That Defendants refused to consider Plaintiff for the position of supervisor, but then pre-selected an individual who did not engage in protected speech and did not accuse Defendants of race discrimination and specifically requested that said individual be considered despite his failure to meet the minimum requirements.

95.   That Defendants treated Plaintiff, who engaged in protected speech or conduct, less preferentially by failing to consider Plaintiff for the position and did not make a request to overlook her lack of a bachelor's degree differently than an

applicant who did not likewise engage in protected activity.

96.    That Defendant would not have taken the same adverse action against Plaintiff in the absence of Plaintiff's protected speech or conduct.

97.    That at all times material hereto, Defendant Reynolds acted pursuant to a policy or custom of Defendant County of Bay.

98.    That Defendant Reynolds was the final decision-maker as it related to the hiring decision and/or caused the Board of Commissioners to act as her "cat's paw" such that her retaliatory animus should be imputed to said Board.

99.    That Defendant Reynolds is not entitled to qualified immunity.

100.   That Plaintiff's right to free speech was and is clearly established.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III – RACE DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

101.   That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 56 of her Common Allegations, paragraphs 57 through 82 of Count I, and paragraphs 83 through 100 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

102.   That the Michigan Elliott-Larsen Civil Rights Act makes it unlawful

for an employer to fail or refuse to hire or recruit or otherwise discriminate against an individual because of race.  M.C.L. § 37.2202(1)(a).

103.   That at all times material hereto, Defendants satisfy the definition of "employer" as defined by the Act.  M.C.L. § 37.2201(a).

104.   That at all times material, Defendants could affect or control a term, condition, or privilege of Plaintiff's employment.

105.   That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of her race, African-American.

106.   That at all times material hereto, Plaintiff was and is qualified for the position of supervisor.

107.   That Plaintiff suffered an adverse employment action through Defendant's failure to hire or recruit Plaintiff for the position of supervisor.

108.   That Plaintiff suffered said adverse employment action under circumstances that give rise to an inference of race discrimination.

109.   That Defendants intentionally discriminated against Plaintiff by denying Plaintiff a supervisor position allegedly on the basis that Plaintiff did not possess a bachelors degree; Defendants, however, turned around and changed the job description, removed the requirement of holding a bachelor's degree, and requested permission from the Board of Commissioners to hire an individual outside of Plaintiff's protected class that did not meet the minimum requirements for the

position.

110. That Defendants treated Plaintiff disparately than an applicant outside her protected class.

111. That Plaintiff was more qualified than the successful, unqualified candidate that was outside of Plaintiff's protected class.

112. That Defendants have failed to give Plaintiff a legitimate, non-discriminatory or non-retaliatory for the failure to recruit or hire Plaintiff for the supervisor position.

113. That Defendants cannot offer a legitimate, non-discriminatory or non-retaliatory reason for failing to treat Plaintiff in the same manner as an individual outside her protected class, Mr. Amador.

114. That any reasons proffered by Defendants after-the-fact are pretextual in nature.

115. That any reasons proffered by Defendants after-the-fact are either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

116. That Defendants' actions constitute race discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act.

117. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from economic damages, including,

but not limited to, lost wages, back pay, front pay, raises, promotions, overtime pay, paid time off, health, dental, vision, and/or life insurance benefits, disability benefits, pension and/or retirement benefits and any and all compensation and fringe benefits lost by Plaintiff along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

118.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

119.    That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT IV – RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

120.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 56 of her Common Allegations, paragraphs 57 through 82 of Count I, paragraphs 83 through 100 of Count II, and paragraphs 101

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

through 119 of Count III, word for word and paragraph for paragraph, as if fully restated herein.

121.    That the Michigan Elliott-Larsen Civil Rights Act makes it unlawful for a person to retaliate or discriminate against a person because the person has opposed a violation of the Act or made a complaint under the Act.  M.C.L. § 37.2701(a).

122.    That Plaintiff engaged in activity protected by the Act by opposing and complaining about a violation of the Act.

123.    That more specifically, Plaintiff complained about race discrimination internally to Bay County and externally to the U.S. Equal Employment Opportunity Commission, and by filing suit alleging race discrimination in the U.S. District Court for the Eastern District of Michigan.

124.    That Defendants knew of Plaintiff's protected activity.

125.    That Defendants took materially adverse employment action against Plaintiff, including, but not limited to, failing to recruit or hire Plaintiff for the supervisor position.

126.    That a causal connection exists between Plaintiff's protected speech or conduct and the adverse action.

127.    That Defendants refused to consider Plaintiff for the position of supervisor, but then pre-selected an individual who did not engage in protected

speech and did not accuse Defendants of race discrimination and specifically requested that said individual be considered despite his failure to meet the minimum requirements.

128.   That Defendants treated Plaintiff, who engaged in protected speech or conduct, less preferentially by failing to consider Plaintiff for the position and did not make a request to overlook her lack of a bachelor's degree differently than an applicant who did not likewise engage in protected activity.

129.   That Defendants have failed to give Plaintiff a legitimate, non-discriminatory or non-retaliatory for the failure to recruit or hire Plaintiff for the supervisor position.

130.   That Defendants cannot offer a legitimate, non-discriminatory or non-retaliatory reason for failing to treat Plaintiff in the same manner as an individual outside her protected class, Mr. Amador.

131.   That any reasons proffered by Defendants after-the-fact are pretextual in nature.

132.   That any reasons proffered by Defendants after-the-fact are either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

133.   That Defendants' actions constitute retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

134.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, overtime pay, paid time off, health, dental, vision, and/or life insurance benefits, disability benefits, pension and/or retirement benefits and any and all compensation and fringe benefits lost by Plaintiff along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

135.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer from non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

136.    That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to M.C.L. § 37.2801and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>July 17, 2024</u>    By:   <u>*/s/ Victor J. Mastromarco, Jr.*</u>
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
<u>vmastromarco@mastromarcofirm.com</u>
<u>kkelly@mastromarcofirm.com</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMMY WARE,

     Plaintiff,

v.

COUNTY OF BAY and JULIANN
REYNOLDS, in her Official and
Individual capacities,

     Defendant.

_____/

Case No. 24-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

_____/

**DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, TAMMY WARE, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>July 17, 2024</u>     By:   */s/ Victor J. Mastromarco, Jr.*
                             VICTOR J. MASTROMARCO, JR. (P34564)
                             KEVIN J. KELLY (P74546)
                             Attorneys for Plaintiff
                             1024 N. Michigan Avenue
                             Saginaw, Michigan 48602
                             (989) 752-1414
                             <u>vmastromarco@mastromarcofirm.com</u>
                             <u>kkelly@mastromarcofirm.com</u>